IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| ERIC HAWKINS, and<br>PHILIP G. SOSBY, on behalf<br>Of themselves and other<br>Persons similarly situated,<br><br>           Plaintiffs<br><br>           v.<br><br>FRANKLIN COUNTY,<br>GEORGIA; FRANKLIN COUNTY<br>SHERIFF'S DEPARTMENT; and )<br>FRANKLIN COUNTY JAIL,<br><br>           Defendants | NO. 3: 90-CV-67 (CWH)<br><br><br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# O R D E R

This action was filed September 14, 1990 and after discovery, a Consent Decree covering all aspects of the case was entered December 2, 1994.  A new jail was constructed and occupied, pursuant to the terms of the Order.  However, until recently, the staffing, medical, and mental health requirements were not fully complied with.  These issues have now been fully addressed.  The lack of jailers raised serious security issues.  The Jail operates most days near or at its capacity of seventy-two (72).

The Defendants moved to terminate this Order on June 7, 2002.  After a first attempt at Class Notice, a Second Class Notice Order was entered December 10, 2004.  The Show Cause Order was posted pursuant to the Order from December 31, 2004 to and through January 31, 2005.  Since Thanksgiving of 2004, class Counsel has visited the Jail at least four (4) separate times.  Twenty-seven (27) class members also notified class counsel in writing, of their objections to termination of the Order.  An additional fifty-three (53) orally raised concern.  Except as to the issues voluntarily addressed and remedied by Defendants, in the opinion of class counsel, no objection reached the Constitutional threshold.

1

The newly elected Sheriff Stevie Thomas, Captain Gary Smith, the Chief Jailer, the County Attorney, and the Class Counsel agreed as to the areas of need in the Jail and what steps were necessary to comply with the Order. The Franklin County Commission fully funded an additional five (5) Detention Officer positions, a full time LPN, and two (2) days per month of mental health coverage. All of this staff is in place and trained. The new staffing allows for a minimum of four (4) detention officers each shift and six (6) detention officers on any busy shifts. The Franklin County Jail's training meets and exceeds that mandated by the State of Georgia.

Issues of facility security, medical, mental health, and sanitation have been fully addressed since January 1, 2005. Class objections reflected the same issues identified by class counsel, except as to issues regarding the Public Defender which are not addressed in this litigation.

At the hearing on Class Notice held on June 15, 2002, testimony was received and statements on behalf of the class were made by class counsel. Based upon the foregoing, the Court finds that Defendants have essentially obtained and maintained full compliance with this Court's Order. The Court further finds that the serious Constitutional infirmities present when this Court's Order was entered have been remedied.

The Court therefore overrules the objections of the class members, grants Defendants' Motion, and dissolves the Order entered in this matter December 5, 1994. Class counsel shall have a reasonable period to submit any fee claim if the issue cannot be resolved by the parties.

SO ORDERED, this 15th day of JUNE, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE